AF Approval _____       Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:16-cr-125-Orl-37KRS

YARYLIN SOLANO ALVARADO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, YARYLIN SOLANO ALVARADO, and the attorney for the defendant, Maria Guzman, mutually agree as follows:

**A.      Particularized Terms**

1.      Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, Three and Four of the Indictment.  Count One charges the defendant with theft of government funds, in violation of 18 U.S.C. § 641; Count Three charges the defendant with passport fraud, in violation of 18 U.S.C. § 1542; and Count Four charges the defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

2.      Maximum Penalties

Count One carries a maximum sentence of 10 years' imprisonment, a fine of up to $250,000, or twice the gross gain caused by the offense, or twice

Defendant's Initials _YS_

the gross loss, whichever is greater, not more than 3 years' supervised released and a special assessment of $100.  Count Three carries a maximum sentence of 10 years' imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

   3.      Minimum and Maximum Penalties

       Count Four is punishable by a mandatory consecutive term of imprisonment of 2 years, a fine of not more than $250,000, a term of supervised release of not more than 1 year, and a special assessment of $100.  The term of imprisonment imposed on Count Four must run consecutively with any other term of imprisonment imposed on the defendant.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

   4.      Elements of the Offense

       The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

   First:       The money described in the indictment belonged to the
               United States;

Defendant's Initials _____                    2

Second:      the defendant embezzled, stole, or knowingly converted the money to her own use or to someone else's use;

Third:       the defendant knowingly and willfully intended to deprive the owner of the use or benefit of the money or property; and

Fourth:      the money or property had a value greater than $1,000.

The elements of Count Three are:

First:       The Defendant made a false statement in an application for a United States passport;

Second:      the Defendant made the statement intending to get a United States passport for her own use; and

Third:       the Defendant acted knowingly and willfully.

The elements of Count Four are:

First:       The Defendant knowingly transferred, possessed, or used another person's means of identification;

Second:      without lawful authority; and

Third:       during and in relation to passport fraud, in violation of 18 U.S.C. § 1542.

5.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two, Five, and Six, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant

Defendant's Initials ⎵⎤S⎽          3

with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

    7.    <u>Mandatory Restitution to Victim of Offenses of Conviction</u>

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to the United States and the State of Florida in the amount of $39,169.83 and full restitution to Y.C.R.

    8.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant

Defendant's Initials _YCR_        4

has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.      Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.S. §§ 981(a)(1)(C), 982(a)(6), and 28 U.S.C. § 2461(c) whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions

Defendant's Initials _____      5

of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offensess to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of

Defendant's Initials ___        6

title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

Defendant's Initials _____  7

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

### 10.   Removal - Consent and Cooperation

The defendant agrees and consents to removal from the United States following completion of the defendant's sentence and agrees to waive the defendant's rights to any and all forms of relief from removal or exclusion.  The defendant further agrees to abandon any pending applications for relief from removal or exclusion, and to cooperate with the Department of Homeland Security during removal proceedings.

## B.   **Standard Terms and Conditions**

### 1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials _____         8

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.  The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not

Defendant's Initials ___Y S___                    9

limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

    5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of

Defendant's Initials ___ 4 5 ___         10

making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials __45__                    11

7.     Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____          12

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if

Defendant's Initials _____   13

defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _U5_                    14

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___22nd___ day of August, 2016.

A. LEE BENTLEY, III
United States Attorney

_____
YARYLIN SOLANO ALVARADO
Defendant

_____
Christina R. Downes
Special Assistant United States Attorney

_____
Maria Guzman
Attorney for Defendant

_____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando division

Defendant's Initials ___YS___                    15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


UNITED STATES OF AMERICA

v.                                          CASE NO. 6:16-cr-125-Orl-37KRS

YARYLIN SOLANO ALVARADO

## PERSONALIZATION OF ELEMENTS

The elements of Count One are as follows:

1.   Did the money described in the indictment belong to the United States?

2.   Did the defendant embezzle, steal, or knowingly convert the money to her own use or to someone else's use?

3.   Did the defendant knowingly and willfully intend to deprive the owner of the use or benefit of the money or property?

4.   Did the money or property have a value greater than $1,000?

The elements of Count three are:

1.   Did the Defendant make a false statement in an application for a United States passport?

2.   Did the Defendant make the statement intending to get a United States passport for her own use?

3.   Did the Defendant act knowingly and willfully?

The elements of Count Four are:

1.   Did the Defendant knowingly transfer, possess or use another person's means of identification?

Defendant's Initials _YS_                16

2.    Did the Defendant do it without lawful authority?

3.    Did the Defendant act during and in relation to passport fraud, in violation of 18 U.S.C. § 1542?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:16-cr-125-Orl-37KRS

YARYLIN SOLANO ALVARADO

## FACTUAL BASIS

### Background

In December of 2015, after receiving information relating to a possible identity theft from the Division of Public Assistance Fraud, Homeland Security Investigations (HSI) began an investigation into the defendant, who they believed was using the identity of a Puerto Rican native by the name of Y.C.R. (hereinafter referred to as "the Y.C.R. identity").  A criminal history query within HSI databases revealed that the defendant had a criminal history documented under FBI number XXXXXXXB4, and that the names Yarylin Solano and Yarylin Solano-Alvarado were listed as aliases of the Y.C.R. identity.  In addition, HSI discovered that the defendant had an alien file with the number AXXX-XXX-785. The alien file AXXX-XXX-785 revealed that the defendant was a female native of the Dominican Republic, and was born on August 27, 1975.  It also showed that the defendant became a lawful permanent resident (LPR) on July 21, 2000, but was ordered removed from the United States on December 7, 2006, based on her conviction for a crime involving moral turpitude (CIMT), specifically, a conviction for prostitution on October 3, 2002.  Immigration databases showed

Defendant's Initials _U S_                        18

that she had not applied for status within the United States since her order of removal in 2006.

An overall review of the defendant's fraudulent scheme shows that her first use of the Y.C.R. identity appears to be when she presented herself to a Florida Division of Driver Licenses (FLDDL) on October 8, 2007, and submitted a Puerto Rican birth certificate and a Social Security card (XXX-XX-2049), both in the Y.C.R. identity. As a result, FLDDL issued Florida driver's license number CXXX-XXX-XX-960-0 (hereinafter referred to as "FLDL 960-0") to the defendant in the Y.C.R. identity. In addition, the defendant visited a FLDDL office on June 28, 2013, to replace her driver's license in the Y.C.R. identity. During the investigation, HSI also learned that the defendant used the Y.C.R. identity to open two bank accounts. First, the defendant opened a Washington Mutual Bank checking account on February 4, 2008, by providing FLDL 960-0 in the Y.C.R. identity. Then, the defendant opened a Chase Bank checking account on March 3, 2011, using the Y.C.R. identity by providing FLDL 960-0. The Washington Mutual Bank checking account documentation reflected monthly bank statements from December of 2008 until October of 2009. The Chase Bank checking account showed that all manner of financial transactions took place in that account, which included the defendant depositing her paychecks (issued by her employers to the Y.C.R. identity) and at least two IRS refund checks (issued to the Y.C.R. identity).

Defendant's Initials  _____          19

<u>Counts Three and Four</u>

The Department of State database, Consular Consolidated Database (CCD), showed that the defendant applied for a United States passport (passport application number XXXXX9708) on or about August 24, 2014 in Orange County, Florida, while identifying herself as the Y.C.R. identity.  The Application for a U.S. Passport (Form DS-11) that the defendant completed and signed, revealed that she used FLDL960-0, and a Puerto Rican birth certificate in the Y.C.R. identity (issued in 2011[1]) to identify herself to the interviewing officer.  The Department of State issued United States passport book number XXXXX9380 to the defendant in the Y.C.R. identity on September 8, 2014.  During the defendant's post-*Miranda* interview, she admitted, in relevant part, to using the Y.C.R. identity since 2007 in order to avoid deportation and to obtain a U.S. passport.  She also admitted to using the Y.C.R. identity to obtain two U.S. passports for her U.S. citizen son, E.F.S.

<u>Counts One, Two and Five (Counts Two and Five to be dismissed per the terms of the plea agreement).</u>

According to the Division of Public Assistance Fraud, the defendant fraudulently requested a total of $80,451.62 in government benefits and actually received $39,169.83 in benefits.  Specifically, she applied and/or received the

---

[1] In 2010, Puerto Rico invalidated every birth certificate issued on the island before July 1, 2010, in an attempt to curb rampant fraud and identity theft.  Therefore, the defendant was forced to obtain a newly issued birth certificate in 2011, to continue her identity theft scheme.  Post-*Miranda*, she admitted that in 2011 she was able to apply for a newly issued birth certificate in the Y.C.R. identity by going online, and requesting it by entering in specific identifying information of the Y.C.R. identity.

Defendant's Initials _____        20

following: SNAP, i.e. Food Stamps (received $9,969.00), Temporary Cash Assistance Program (received $11,887.00) and Medicaid benefits (applied for $78, 295.62 but only received $17,313.83) between June of 2009 until January of 2016, while residing in Orange County, Florida.  To prove her identity as a United States citizen entitled to the benefits,  the defendant used FLDL 960-0 and a Puerto Rican birth certificate in the Y.C.R. identity.[2]  In addition, so that she could obtain the maximum amount of benefits under the Y.C.R. identity, the defendant authored a letter of guardianship in her true identity which granted guardianship of her two U.S. citizen sons to the Y.C.R. identity.  As a result of increasing the number of dependents under the Y.C.R. identity, the defendant was able to claim her two sons as "nephews" under the Y.C.R. identity and obtain a larger amount of public assistance.  The defendant would later admit post-*Miranda* that she used the Y.C.R. identity for profit by applying for and receiving the aforementioned benefits, to which she knew she was not entitled.  The benefits paid to the defendant included more than $1,000 in money belonging to the United States.

Count Six (to be dismissed per the terms of the plea agreement)

On June 14th, 2016, HSI executed a search warrant on the defendant's residence and during their search, they located a voter registration card in the

---

[2] The defendant would not have been eligible for any of these benefits in her true identity as she has no status in the United States and is not a qualified alien. In 1996, Congress passed the "Welfare Reform Act," which restricted the ability of aliens to access federal public welfare benefits, including Medicaid. *See* 8 U.S.C. § 1611 ("an alien who is not a qualified alien (as defined in section 1641 of this title) is not eligible for any Federal public benefit (as defined in subsection (c) of this section"); *see also* 18 U.S.C. § 1641.

Defendant's Initials __YS__          21

Y.C.R. identity. When confronted with the card post-*Miranda*, the defendant admitted that she registered to vote under the Y.C.R. identity in 2007 and in fact did vote using the Y.C.R. identity in both the 2008 and 2012 general elections for a presidential candidate. According to the Certificate of Registration and Voting History obtained by HSI from the Orange County Supervisor of Elections office, the Y.C.R. identity voted on November 4, 2008 and November 6, 2012.

The real Y.C.R.

HSI confirmed that Y.C.R. is a real person. Y.C.R. told HSI that she has never authorized anyone to use her personal identification information. She also provided HSI with information showing that she moved from Puerto Rico to the State of Mississippi in the year 2007 and that she has never lived in Florida. Y.C.R. said that she was aware that someone in Florida was using her identity and that because of this, she filed an identity theft police report in Mississippi. She informed HSI that because of this identity theft, she has been afraid to apply for employment out of fear that she would have to explain why her reported employment history would not match what Social Security records reflect due to the defendant using her identity for employment in Florida. She also said that she has been denied housing at several apartment complexes because after running her credit history, the defendant's history of being evicted from several apartments shows up in Y.C.R.'s credit history. As a direct result, she is currently living in government subsidized housing as it is the only place who will accept her. In addition, she has tried to apply for several credit cards and the

Defendant's Initials _____          22

applications were also denied based on a bad credit history accrued in the state of Florida by the defendant.  Y.C.R. also said that she has been encountering problems with her federal taxes for years and that she reported the issue to the Internal Revenue Service (IRS) but it remains unresolved.[3]  To date, she believes she is still owed close to $10,000 in tax refund money.  She also indicated that she had issues when she recently tried to apply for a United States passport and her request for said passport remains pending.  Lastly, Y.C.R. indicated that she has a daughter with special needs and has been battling for several years with public assistance departments in Mississippi to obtain benefits for her daughter, to no avail.  The public assistance departments informed her that someone in Florida is already receiving public assistance and therefore they denied most of her claims for government aid.

---

[3] IRS also contacted the defendant, and in response, the defendant completed and submitted an Identity Theft Affidavit (IRS Form 14309), swearing that *she* was in fact the real Y.C.R.

Defendant's Initials _____        23