**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                      **Case No. 6:16-cr-125-Orl-37KRS**

**YARYLIN SOLANO ALVARADO,**

      **Defendant.**

                                 **/**

### SENTENCING MEMORANDUM OF YARLIN SOLANO ALVARADO

The Defendant, Yarlin Solano Alvarado, by and through her undersigned attorney, respectfully submits her sentencing memorandum. Her case is set for sentencing before this Honorable Court on November 7, 2016.   This memorandum is being filed for the Court's consideration.

By way of this motion, however, Ms. Alvarado specifically asks this Court to consider a downward variance from the suggested sentencing guidelines. A proposed Presentence Investigation Report (hereinafter referred to as PSR) was prepared for the Court's review.   The suggested guidelines suggest a sentence of 12 to 18 months' imprisonment consecutive to the 2 year mandatory count involved in this case. (PSR, p. 15) Ms. Alvarado is asking this Court to determine that a sentence of two (2) years on the mandatory count would be sufficient in this case with a consecutive sentence of time served.

Ms. Alvarado has been in custody since June 14, 2016 at the Orange County Jail in

1

Orlando, Florida. (PSR, p. 2)   At the time of sentencing she would have been incarcerated for over 4 months.

## CURRENT FEDERAL SENTENCING LAW
## AND REQUEST FOR VARIANCE

Because the Sentencing Guidelines are now advisory, and a guidelines range may not even be presumed to be reasonable, the Court must examine each case under the directives of 18 U.S.C. § 3553(a) to impose "a sentence sufficient, but not greater than necessary" to meet the objectives of sentencing.   18 U.S.C. § 3553(a); *see also United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007). Relevant to this case, § 3553(a) directs the Court to consider (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the need to impose a sentence that: reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense, affords adequate deterrence, and protects the public from further crimes of the defendant; and (3) the need to avoid unwarranted disparity among defendants who have been found guilty of similar conduct.   18 U.S.C. § 3553(a)(1-2,6).

This Court is well aware of its discretion in any federal case to provide a reasonable sentence that is sufficient but not greater than necessary to effectuate justice.   Ms, Alvarado respectfully suggests that a total sentence of two (2) years on this case is a sufficient and reasonable punishment.

## MITIGATION

Ms. Alvarado is 41 years old and the mother of 3 sons. (PSR, p. 12).   By all accounts she has been a loving mother who has worked diligently to provide for her children.

2

She was born in the Dominican Republic and her parents were divorced when she was four years old.   (PSR, p. 12).   Her mother worked hard to provide for the family because her father was an alcoholic and provided no support. (PSR, p. 12).

At the age of 13, Ms. Alvarado began working to help her mother.   As a young adult she immigrated to Puerto Rico and got married.   (PSR, p. 12).   Her spouse had a substance abuse problem and abandoned her and their young son.   (PSR, p. 12).   The son lived with Ms. Alvarado up to the time of her arrest on these charges. (PSR, p. 12).

Ms. Alvarado also has a younger son that is currently living with his father in Puerto Rico. (PSR, p. 12).   He was also living with her up to the time of her arrest.   Ms. Solano had relocated with her children to Orlando in 2005.   She was arrested and ordered removed back to the Dominican Republic.   (PSR, p. 12).   However, for unknown reasons the Department of Homeland Security chose not to execute the order of removal. (PSR, p. 12)

Ms. Alvarado's youngest child is 6 years old.   He had also lived with his mother up to the time of her arrest.   He is now living with his father.   (PSR, p. 13)   He has verified that although his relationship with Ms. Alvarado was not a good one, she was a good mother to their son. (PSR, p. 13)

Ms. Alvarado has worked continuously since being in the United States.   She was employed as a waitress for a restaurant in Orlando at the time of her arrest.   (PSR, p. 14).   Prior to that she had been employed at another restaurant for a year.   (PSR, p. 14). From 2008 through 2013 she was employed for Bravo Supermarket in Orlando, Florida.

3

According to records provided, she was a responsible employee who had extraordinary performance in all of the positions she held.   (PSR, p. 14).

## ARGUMENT

Ms. Alvarado must be sentenced to a mandatory sentence of two (2) years on the charged of Aggravated Identity Theft.   However, the Court maintains discretion as to the advisory guideline sentence that it must also impose.   As noted, the advisory guidelines suggest a sentence of 12 to 18 months' imprisonment.   (PSR, p. 15).   Ms. Alvarado has already served over 4 months in custody pending sentencing.   She is asking this Court to consider a variance of the 12 to 18 months' sentence and impose a sentence of time served. She will still need to serve the two (2) year sentence, after which she will be deported back to the Dominican Republic.

Ms. Alvarado is remorseful for her actions.   Her crime was motivated by a desire to provide a good life for her children.   By all accounts she has been a hardworking individual trying to provide her children with a stable environment within which to grow up.   She has now lost custody of her children.   Her deportation to the Dominican Republic will further separate her from her children, who likely will remain in the United States or Puerto Rico. She will not pose a danger to this community or any other.   Her life is tragic and the separation from her children will be a terrible punishment.

Ms. Alvarado asks this Court for leniency in considering a variance from the advisory guidelines as suggested in this case.   She will be leaving the United States and will never

4

return.

Respectfully submitted,

Donna Lee Elm
Federal Defender

/s/ *Maria Guzman*
Maria Guzman
Assistant Federal Defender
Florida Bar Number 053325
201 South Orange Avenue, Suite 300
Orlando, Florida    32801
Telephone 407-648-6338
Facsimile 407-648-6095
E-Mail: maria_guzman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned attorney filed the foregoing *Sentencing Memorandum* with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Christina Downes, Assistant United States Attorney, Orlando Division, this 31st day of October, 2016.

/s/ *Maria Guzman*
Maria Guzman
Assistant Federal Defender

5