## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

vs

YARYLIN SOLANO ALVARADO

_____

**Case Number: 6:16-cr-125-Orl-37KRS**

**USM Number: 67197-018**

**Maria Guzman,  AFPD**
**Ste 300**
**201 S Orange Ave**
**Orlando, FL 32801-3417**

## CORRECTED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Three and Four of the Indictment.  Accordingly, the Court has adjudicated the defendant guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 641 | Theft of Government Funds | July 31, 2013 | One |
| 18 U.S.C. § 1542 | Passport Fraud | July 31, 2016 | Three |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | August 24, 2014 | Four |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two, Five and Six dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 7, 2016

ROY B. DALTON, JR.
UNITED STATES DISTRICT JUDGE

Corrected December _23_, 2016

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Yarylin Solano Alvarado**
**6:16-cr-125-Orl-37KRS**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of forty two (42) months which consists of 18 months on Counts 1 and 3 to run concurrently and 24 months on count 4 to run consecutively

The Court recommends to the Bureau of Prisons that the defendant be housed at the federal facility at Coleman, FL

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**AO 245B (Rev. 4/09) Judgment in a Criminal Case**

Yarylin Solano Alvarado
6:16-cr-125-Orl-37KRS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years which consists of 2 years on Counts 1 and 3 and 1 year on count 4 to run concurrently.

Said term of supervised release shall be unsupervised provided the defendant leaves and does not re-enter the United States. Should the defendant be deported or removed, the defendant shall not re-enter the United States without the express permission of the appropriate governmental authority.  Should the defendant leave and subsequently re-enter the United States prior to expiration of the supervised release term, the defendant shall report immediately to the U.S. Probation Office.

You must not commit another federal, state or local crime.

You must not unlawfully possess a controlled substance.

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

You must cooperate in the collection of DNA as directed by the probation office

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions (set forth below).

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer;

4. You must answer truthfully all questions asked by your probation officer;

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.;

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated

Yarylin Solano Alvarado
6:16-cr-125-Orl-37KRS

circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the probation officer. You must provide the probation officer access to any requested financial information.

2. Pursuant to 18 U.S.C. 3583(d), you are to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if deportation is appropriate. Should deportation be ordered, you are to remain outside the United States, unless authorized by the United States Attorney General.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | JVTA Assessment | Total Fine | Total Restitution |
|---|---|---|---|
| $300.00 | $0.00 | waived | $54,881.83 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Yarylin Solano Alvarado
6:16-cr-125-Orl-37KRS

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| YCR (victim) | | $15,712.00 |
| Division of Public Assistance | | $39,169.83 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

The Special Assessment in the amount of **$300.00** is due in full and immediately.

While in the custody of the Bureau of Prisons, the defendant shall either (1) pay at least $25.00 quarterly if working non-Unicor or (2) pay at least 50 percent of his or her monthly earnings if working in a Unicor position. Upon release from custody, the defendant is ordered to begin making payments of $100.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in the ability to pay. **The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

### Joint and Several

Restitution shall be paid jointly and severally with any other offenders apprehended.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest (if applicable), (4) fine principal, (5) community restitution, (6) fine interest (7) JVTA assessment (8) penalties, and (9) costs, including cost of prosecution and court costs.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case